(Superior Court of Cincinnati.)
Special Term, March, 1901.

ELIZABETH LAHMAN v. THE CINCIN-NATI GAS LIGHT & COKE CO.

(1.) An action to compel a corporation to transfer a certificate of its stock to the name of the plaintiff, is an action for the specific performance of an equitable duty, and the provisions of section 5016 R. S. do not apply thereto.

(2.) But the corporation is entitled to have made parties to the petition all persons who have any interest either present or remote in the stock question, and where an affidavit for interpleader is filed which by the admission of a demurrer conclusively shows that the ownership of the stock and the right of transfer can not be determined without the presence of such parties, an order will be granted bringing them in.

---

DEMPSEY, J.

The plaintiff brings this action alleging that her husband, in his life time, was the owner of ten shares of the capital stock of the defendant company, evidenced by a certificate numbered 26862 in his name, on which certificate there were no endorsements, but which did bear the following clause: "Shares of stock transferable only on the books of the company by the owner, or his attorney, on the return of this certificate."

She further alleges that on or about August 8th, 1899, her said husband gave to her as and for her own said shares of stock; that she accepted said gift and received said certificate from her husband; that the same is now and always has been in her possession, and that she is the owner thereof. She further avers that she tendered said certificate of stock to said company with the request that the same be transferred to her on the books of said company, and that they issue a new certificate therefor to her and in her name, all of which the defendant company refuse to do.

She prays for a decree requiring the defendant company to transfer said stock to her upon the books of the company, and that the company be required to issue to her a new certificate of stock upon the return to them of the one aforesaid.

The defendant company filed an affidavit for interpleader under section 5016, Revised Statutes, in which, by its president, it avers that the defendant has not answered in this action; that the subject of the action is the demand by plaintiff to have ten shares of stock in its company, which now stand upon its books and its certificate in the name of Henry Lahman, transferred to plaintiff's name on the books and by certificate of said company; that said Henry Lahman recently departed this life and his will was probated by the Probate Court of Hamilton county, and this plaintiff appointed executrix, and that she is now acting as such; that by said will, Lahman gave one-third of all his real and personal property absolutely to his wife, and gave, bequeathed and devised to her the remaining two-thirds during her natural life, subject to the certain legacy therein named, and further provided that upon the death of said wife said two-thirds of his estate should be used, first, to pay certain legacies to certain named persons and institutions, naming them, and after payment of such legacies, he bequeathed and devised the rest of the same to his brothers and sisters (if living, and if dead, then to the heirs), share and share alike, naming them; that by said will, testatrix is given the power to sell all or any part of the estate and to invest the proceeds in some other way. The affidavit further alleges that the declared purpose and object of the transfer demanded in the present action is not to sell the shares of the stock described in the petition, but to have the same transferred to plaintiff as her own absolutely; that the persons above named as legatees and devisees under said will, claim a vested remainder in said ten shares of stock; that their claims are made without collusion with this defendant; that the defendant is ignorant of the rights of the respective claimants, except as disclosed by said will, and it does not know to whom it can safely transfer said shares; that it is ready and willing to make such transfer as the court may direct, and hereby offers to do so, in order that said claimants may interplead and settle said claims between themselves.

A copy of the will is attached to this affidavit. The affidavit is evidently filed, or intended to be filed, for the purpose of taking advantage of the provisions of section 5016, Revised Statutes, but so far as the pleadings and entries in my possession show, no order was made upon the affidavit.

The plaintiff files to this affidavit what is termed a demurrer to the bill of interpleader, based upon two grounds: First, that the facts stated are not sufficient to constitute a cause of action; and, second, the case is not proper for interpleader.

The procedure manifestly contemplated by section 5016 is the filing of the affidavit, to be followed by an application in open court, or by motion for the order permitted by said action;

if the granting of such order be resisted, the objections can be presented on the hearing of the motion or application. If, however, as is quite usual in our courts, the order be granted ex parte, the proper practice, it would seem to me, would be to move to set aside the order as improvidently or erroneously made.

But, however this may be, the discussion of this point in this case is but a fanciful matter, for as I take it, after a long and careful examination of this matter, section 5016 is not applicable to this case. The operation of this section is limited to actions upon contract and for the recovery of personal property; and while it has been held that this includes equitable as well as legal actions (Bridge v. Martin, 3 W. L. M., 20), still it would seem to me a long stretch of definition to term the action one either on contract or for the recovery of personal property. It is in reality an action for the specific performance of an equitable duty which is incumbent upon all incorporations and incidental to every transfer and sale of this stock. See State v. Carpenter, 51 O. S., at pages 88 and 89.

But while I do not think that section 5061 furnishes the remedy to which the defendant herein is entitled, I by no means think that it is not entitled to some remedy. Section 5006 prescribes who may be made defendants in the first instance. Section 5013 makes further provision as to bringing in defendants when a controversy cannot be determined without their presence. Section 5062 prescribes the grounds of demurrer to a petition, one of which is when there is a defect of parties, plaintiff or defendant. Section 5064 provides that when the grounds for which a demurrer would be authorized do not appear on the face of the petition, than the objection may be taken by answer.

All of these sections of the code are derived from the old chancery practice, and that practice modified and adapted to the code is still extant with us.

"In chancery the practice has always prevailed, where a defect of parties did not appear upon the bill, to file a plea setting forth the defect of parties with such particularity as to enable the complainant to have them brought in, if desired, and with this plea the respondant may file a disclaimer. When such a plea is filed, it is the duty of the complainant, either to bring in the new parties or to set the plea down for hearing, and if, upon hearing, the court is satisfied that they are necessary parties, the complainant must bring them in, or his bill will be dismissed. 1 Daniel, Ch. Pr., pp.286-295." Noble v. Martin, 4 C. C. at 367-368.

And in this Circuit Court case it was held that it was proper for certain parties, having been brought into the case, to file an answer disclaiming for themselves any interest, and setting forth facts which in their judgment warranted the court in requiring the plaintiff to make new parties; and, it was further held that under section 5013, upon the filing of this answer, it was the duty of the court, being satisfied that determination of the controversy could not be had without their presence, to

order them brought in, or dismiss the petition without prejudice.

The principle underlying this decision rules the case at bar, for disregarding errors of form, the affidavit of the defendant herein is in reality a plea in equity, setting up facts which conclusively show that the ownership of this stock, and the right to a transfer theerof can not be determined without the presence of the parties who are to take as devisees after Mrs. Lahman's life estate in the two-thirds expires. The demurrer admits these facts. The offer to make such transfer as the court may order is, in effect, a disclaimer of any personal claim to the stock.

Following the rule laid down, it is my opinion that the defendant is entitled to have made parties to the petition the corporations and individuals who might be entitled to take after Mrs. L.'s life interest in the two-thirds is terminated.

The defendant may take the appropriate order and entry.

C. F. Dorste for plaintiff; John W. and George H. Warrington contra.